Joe H. and Catherine Cunningham v. Commissioner.
Cunningham v. Commissioner
Docket No. 3394-67.
United States Tax Court
T.C. Memo 1968-242; 1968 Tax Ct. Memo LEXIS 58; 27 T.C.M. (CCH) 1219; T.C.M. (RIA) 68242; October 17, 1968, Filed Joe H. Cunningham, pro se, 3639 Bryan Dr., Beaumont, Tex. John D. Laflin, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner has determined deficiencies in and additions to income tax of the petitioners Joe H. Cunningham and Catherine Cunningham as follows: Joe H.
Cunningham
Additions to the
Tax
Year
Deficiency
Sec. 6651
Sec.
Sec.
Total
(a) [1]
6653(a) [2]
6654(a) [3]
1959
$ 783.05
$ 195.76
$ 39.15
$ 16.89
$ 1,034.85
1960
861.57
215.39
43.08
18.07
1,138.11
1961
535.30
133.83
26.77
8.94
704.84
1962
451.95
112.99
22.60
6.34
593.88
1963
862.62
215.66
43.13
16.90
1,138.31
1964
752.46
188.12
37.62
13.81
992.01
Total
$4,246.95
$1,061.75
$212.35
$ 80.95
$5,602.00
*59 *60 Catherine
Cunningham
Additions to the
Tax
Year
Deficiency
Sec.
Sec.
Sec.
Total
6651(a) [1]
6653(a) [2]
6654(a) [3]
1959
$ 735.04
$ 183.76
$ 36.75
$ 20.58
$ 976.13
1960
777.56
194.39
38.88
21.77
1,032.60
1961
443.23
110.81
22.16
12.41
588.61
1962
346.35
86.59
17.32
9.70
459.96
1963
735.42
183.86
36.77
20.59
976.64
1964
613.26
153.32
30.66
17.17
814.41
Total
$3,650.86
$ 912.73
$182.54
$102.22
$4,848.35
*61 1220 At the trial of this case the petitioners agreed to the following deficiencies in tax (exclusive of additions to the tax under sections 6651(a), 6653(a) and 6654(a) of the Internal Revenue Code of 1954, [4] and subject to possible additional deductions from community income for experimental and research expenditures during the years 1959 to 1963, inclusive): Joe H. Cunningham
Year
Deficiency
1959
$ 783.05
1960
861.57
1961
535.30
1962
451.95
1963
862.62
1964
752.46
Total
$4,246.95
Catherine Cunningham
Year
Deficiency
1959
$ 735.04
1960
777.56
1961
443.23
1962
346.35
1963
735.42
1964
613.26
Total
$3,650.86
We must decide whether certain expenses the petitioners paid for the development of mathematical theories are deductible research and development expenses under section 174. We must also decide whether the petitioners are liable for additions to tax under sections 6651(a), 6653(a) and 6654(a), for the years 1959 to 1964, inclusive. Findings of Fact Most of the facts in this case have *62 been stipulated and are so found. The stipulation and the exhibits attached thereto are incorporated herein by this reference. Joe H. Cunningham (hereinafter referred to as Joe or petitioner) and Catherine Cunningham are husband and wife who resided in Beaumont, Texas at the time they filed their petition herein. No Federal income tax returns were filed, and no Federal income taxes or estimated Federal income taxes were paid by either of the petitioners during the years 1959 through 1964, inclusive. The Commissioner has found that Joe made expenditures for research and development of mathematical theories of $958.79, $1,149.26, $311.70, $144.71, and $5.41 for the years 1959 through 1963, respectively. The Commissioner found Joe made no expenditures for research development in 1964. Joe is an electrical engineer. During the years 1959 through 1964, inclusive, Joe operated a sole proprietorship known as Cunningham Engineering Company. Cunningham Engineering Company derived a substantial portion of its income from sales of plastic signs with the balance of its revenue being obtained from the sale of surplus electrical tapes and surplus electrical marine equipment. This company *63 has not received any income from the sale of Joe's mathematical theories. In 1959, Sea-Rad, Inc. was incorporated in Texas for the avowed purpose of engaging in oceanographic research. Twenty of the thirty issued shares of common stock of Sea-Rad, Inc. were issued to Joe. No income has been received by Sea-Rad, Inc., and no Federal income tax returns have been filed by Sea-Rad, Inc. since its inception. Joe has never received any money for his theories. No one has ever solicited Joe to engage in research. Joe's primary motivation in developing these theories over a period of years was not the expectation of monetary gain but the hope of personal and professional recognition for his accomplishments. By invoice dated June 21, 1967, Joe billed the U.S. Atomic Energy Commission for unsolicited mathematical advice in the name of Sea-Rad, Inc. and in his own individual capacity, for $75 million. He did 1221 not entertain any real expectation of being paid this amount or any other amount for his advice, either from the Atomic Energy Commission or any other person. Joe was not in the business, directly or indirectly, of selling mathematical theories during any of the years in question. *64 Opinion Petitioners have filed no briefs and we must decide this case on the statements which they made during trial with reference to the issues and the meager evidence. We deal first with the question of whether any of the expenditures Joe made are deductible in the years of payment. Section 174 provides: RESEARCH AND EXPERIMENTAL EXPENDITURES. (a) Treatment as Expenses. - (1) In general. - A taxpayer may treat research or experimental expenditures which are paid or incurred by him during the taxable year in connection with his trade or business as expenses which are not chargeable to capital account. The expenditures so treated shall be allowed as a deduction. In order to be entitled to the deductions claimed in connection with these expenditures, petitioner must show they were incurred during the taxable years in connection with his conduct of a trade or business. Section 1.174-3(a), Income Tax Regs.; Martin Mayrath, 41 T.C. 582, affd. 357 F. 2d 209 (C.A. 5, 1966). The expenses Joe paid for development of mathematical theories were not proximately related to his trade or business of selling plastic signs, surplus *65 electrical tapes and electrical marine equipment. Unless the development and sales of these theories constituted of itself a separate trade or business of Joe's he is not entitled to the deduction. Whether or not his development of these theories constitutes a trade or business is a question of fact to be determined from all the circumstances of his particular case. There are a number of factors to be considered in making this factual determination. The taxpayer's expectation of profit need not be a reasonable one, and the fact of initial losses does not prevent us from finding the requisite profit motive. Norton L. Smith, 9 T.C. 1150. But the taxpayer must entertain some actual expectation of profit. Here petitioner stated during trial, "I have not been in business for profit. I can prove it." He also stated, in effect, that he did not expect to collect the $75 million for which he billed the Atomic Energy Commission. We do not believe he really expected to receive anything from the Commission. Nor do we believe he expected to receive money for his theories from anybody else. Joe did not hold himself out to others as being engaged in the development or sale of mathematical *66 theories. No one ever solicited his services in this field. We do not think Joe ever regarded his theories as commercially salable for any purpose. Accordingly, we find that petitioner's sole motivation in developing mathematical theories was to acquire personal and professional recognition for his accomplishments. We hold he was not engaged in the conduct of a trade or business of developing these theories, and therefore, that he is entitled to none of the deductions related thereto, under section 174. The Commissioner also determined additions to tax under sections 6651(a), 6653(a) and 6654(a). Petitioners did not file income tax returns for the years 1959, 1960, 1961, 1962, 1963, or 1964. They have not shown their failure to file these returns was due to any reasonable cause. They have not shown they made a good faith effort to comply in any manner with the requirement for filing of tax returns. Indeed, petitioner's (Joe) statements to us during trial indicated a willful neglect to file returns. We hold the Commissioner's determination of the additions to tax under section 6651(a) is proper. Petitioners did not pay any taxes for these years for the same reasons they failed *67 to file tax returns. We hold the Commissioner's determination of the additions to tax under section 6653(a) for negligence or willful failure to pay income taxes is proper. Petitioners did not make any estimated income tax payments covering any of these years. As we understand them, the petitioners do not challenge the imposition of these additions to tax. We hold the Commissioner's determination of additions to petitioners' tax under section 6654(a) for failure to pay estimated income tax is proper. Decision will be entered for the Commissioner. 1222 Footnotes
1. SEC. 6651. FAILURE TO FILE TAX RETURN. (a) Addition to the Tax. - In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), of subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. ↩
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. ↩
3. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTIMATED INCOME TAX. (a) Addition to the tax. - In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 and the tax under chapter 2 for the taxable year an amount determined at the rate of 6 percent per annum upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c)).↩
1. SEC. 6651. FAILURE TO FILE TAX RETURN. (a) Addition to the Tax. - In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), of subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate. ↩
2. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. ↩
3. SEC. 6654. FAILURE BY INDIVIDUAL TO PAY ESTIMATED INCOME TAX. (a) Addition to the tax. - In the case of any underpayment of estimated tax by an individual, except as provided in subsection (d), there shall be added to the tax under chapter 1 and the tax under chapter 2 for the taxable year an amount determined at the rate of 6 percent per annum upon the amount of the underpayment (determined under subsection (b)) for the period of the underpayment (determined under subsection (c)).↩
4. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩